Filed 6/12/23 P. v. Alvarez CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JAMES ALVAREZ,<br><br>Defendant and Appellant. | F085369<br><br>(Kern Super. Ct. No. BF151478A)<br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County. Colette M. Humphrey, Judge.

Sharon G. Wrubel, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Hill, P. J., Levy, J. and Franson, J.

In 2014, appellant and defendant James Alvarez (appellant) was convicted after a jury trial of attempted voluntary manslaughter and other offenses and sentenced to an aggregate term of 16 years in prison. In 2016, this court affirmed the judgment on direct appeal. (*People v. Alvarez* (May 11, 2016, F069040) [nonpub. opn.].)

In 2022, appellant filed a petition for resentencing of his conviction for attempted voluntary manslaughter pursuant to Penal Code section 1172.6.[1] The People filed opposition and requested judicial notice of this court's opinion on direct appeal and the trial record. The superior court appointed counsel, conducted a hearing, and granted the prosecution's motion for judicial notice, but stated it could not rely on the facts stated therein to determine whether there was a prima facie case.[2] The court denied appellant's petition, finding he failed to state a prima facie case.

On appeal, appellant's counsel filed a brief with this court pursuant to *People v. Wende* (1979) 25 Cal.3d 436 and *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), which summarized the facts and procedural history with citations to the record, raised no issues, and asked this court to independently review the record.

On April 12, 2023, this court sent an order to appellant stating his appellate counsel had filed a brief under *Wende* that indicated no arguable issues had been identified for appeal; previously, when an appellant filed an appeal from the denial of a section 1172.6 petition, and counsel filed a *Wende* brief, this court performed an independent review of the record to determine whether any error occurred; the California Supreme Court determined in *Delgadillo* that independent *Wende* review is not required

---

[1] All further statutory citations are to the Penal Code unless otherwise indicated. Appellant filed his petition under former section 1170.95, which was amended effective January 1, 2022, and then renumbered as section 1172.6, effective June 30, 2022, without further substantive changes. (*People v. Saibu* (2022) 81 Cal.App.5th 709, 715, fn. 3.) As such, we refer to the subject statute by its current number throughout this opinion.

[2] This court granted appellate counsel's motion to take judicial notice of the record and opinion from his direct appeal.

for appeals from the denial of section 1172.6 petitions; in accordance with the procedures set forth in *Delgadillo*, appellant had 30 days in which to file a supplemental brief or letter raising any arguable issues he wanted this court to consider; and if we did not receive a letter or brief within that 30-day period, this court may dismiss the appeal as abandoned.

Since more than 30 days have elapsed, and we have received no communication from appellant, we consider his appeal abandoned and order dismissal. (*Delgadillo, supra*, 14 Cal.5th at p. 232.)

## DISPOSITION

The appeal is dismissed.